UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA M. DAVENPORT,<br>    Plaintiff | :<br>:<br>: |
| v. | :   CIVIL NO. 1:16-CV-494I<br>: |
| RAY MABUS, Secretary of the<br>Department of the Navy,<br>    Defendant | :<br>:   (Judge Caldwell)<br>: |

*M E M O R A N D U M*

*I.    Introduction*

Plaintiff, Lisa M. Davenport, filed this action against Ray Mabus, the Secretary of the Department of the Navy, after she was terminated from her position at the Navy Depot in Mechanicsburg, Pennsylvania.

Plaintiff's amended complaint has two counts. Count I is an appeal from the decision of the Merit Systems Protection Board (MSPB) denying her reinstatement to her position. In that count, she presents a claim that her civil service rights were violated and a claim that she was discriminated against for failure to reasonably accommodate her disability under the Rehabilitation Act of 1973. Count I is thus a "mixed case" because it combines a civil service claim with a claim under a federal antidiscrimination law. In Count II, Plaintiff presents a straightforward discrimination claim under the Rehabilitation Act.[1]

Plaintiff has filed a motion to sever her claims, requesting that the Court permit her to litigate her civil service claim in Count I before litigating her

---

[1] Count II also asserts a Title VII claim alleging that Plaintiff was discharged because of her gender.

discrimination claim in Count II. (Doc. 23 at 2).[2] Plaintiff alleges that she is currently physically incapable of engaging in the discovery required for the litigation of Count II. However, the civil service claim in Count I could proceed since it requires only review of the record before the MSPB.[3]

Defendant opposes severance of Count I. He argues in part that the Court lacks jurisdiction to adjudicate the civil service claim separately from the discrimination claim as only the Federal Circuit Court of Appeals has jurisdiction to adjudicate a civil service claim standing alone. Defendant also argues that severance would, in any event, not promote convenience or judicial economy and would be unduly prejudicial to Defendant.

## II.  *Background*

Plaintiff alleges as follows. On August 28, 2011, she was promoted to the position of Supervisory Security Specialist in the Security Office at the Mechanicsburg, Pennsylvania Navy Depot, which was managed by the Weapons Support Systems ("WSS") division of the Navy. (Doc. 11, Am. Compl. ¶¶ 5, 8, 12 and 14). Plaintiff's WSS supervisor at the time of hiring, Michael Zinski, had approved Plaintiff as eligible for telework based on Plaintiff's assertion that occasional "flare-ups" of her Lyme disease, Chronic Fatigue Syndrome, and

---

[2] As noted, Count I alleges a disability discrimination claim, but in this Court it would be litigated as part of Count II, which presents the same claim.

[3] By order dated June 23, 2017, we stayed discovery in this action until September 19, 2017, and required Plaintiff to submit a status report on her condition by August 20, 2017. Her status report indicates she "is currently experiencing a 'severe flare-up' of her medical conditions of 'painful Fibromyalgia and Systemic Exertion Intolerance Disease previously known as Chronic Fatigue Syndrome. She also has a diagnosis of Chronic Active Lyme disease, for which she is getting multiple protocols of medications." (Doc. 22 ¶ 2).

2

Fibromyalgia necessitated that she work from home on occasion. (*Id.* ¶¶ 15, 16, and 20). In October 2012, the division of the Navy responsible for managing the Security Office was changed from the WSS to the Naval Support Activity ("NSA"). (*Id.* ¶¶ 7 and 28).

Thereafter in December 2012, Plaintiff alleges that she began experiencing a flare-up of her medical conditions, and consequently, submitted a request in January 2013 for situational telework. (*Id.* ¶ 31). Plaintiff further avers that her newly assigned supervisors from the NSA improperly denied her telework request. (*Id.* ¶¶ 32-36). Without the ability to telework and with her disabling medical conditions and no offer of reasonable accommodation, Plaintiff alleges her last day of work was March 1, 2013. (*Id.* ¶ 42). Plaintiff was eventually terminated from her position on September 27, 2013. (*Id.* ¶ 48).

Plaintiff subsequently contested her termination by filing an administrative appeal with the MSPB as a mixed case appeal. (*Id.* ¶ 49). On February 19, 2015, the MSPB issued its final decision, denying Plaintiff's administrative appeal. (*Id.* ¶ 71). Plaintiff then petitioned the Equal Employment Opportunity Commission ("EEOC") to review the MSPB's decision. (*Id.* ¶ 72). On February 19, 2016, the EEOC issued its decision, concurring with the decision of the MSPB that Plaintiff "did not demonstrate that she was subjected to discrimination or denied a reasonable accommodation." (*Id.* ¶ 73).

Plaintiff then initiated this action. As noted, the amended complaint has two counts. In Count I, Plaintiff challenges her discharge as a violation of the

civil service law and the Rehabilitation Act. In Count II, she presents a straightforward disability discrimination claim.

*III.     Discussion*

Plaintiff relies on Federal Rule of Civil Procedure 42(b) for her severance motion. Rule 42(b) provides as follows:

> Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).

Defendant opposes Rule 42(b) severance on two grounds. First, Defendant contends that this Court would lose jurisdiction to adjudicate Plaintiff's civil service appeal from the MSPB if it were severed from Plaintiff's discrimination claim. (Doc. 28 at 5). Second, Defendant contends that, apart from the jurisdictional issue, severance in this instance would contravene the goals of Rule 42(b). (Doc. 28 at 9).

A. *"Mixed Case" Jurisdiction*

A "mixed case" exists when the plaintiff's claim alleges she was subjected to a serious adverse employment action, one encompassed by the Civil Service Reform Act of 1978, and that such action was at least partially motivated by unlawful bias in violation of federal antidiscrimination laws. *See Perry v. Merit Systems Protection Board*, 137 S. Ct. 1975, 1979 (2017); 29 C.F.R. § 1614.302. Count I, the appeal from the MSPB decision, is a mixed case, *Perry*, 137 S.Ct. at 1985, and so is the amended complaint in this action setting forth in separate counts

4

(1) an appeal from an MSPB decision on a civil service claim and (2) a disability discrimination claim. *Dedrick v. Berry*, 573 F.3d 1278, 1280 (Fed. Cir. 2009).

### *B. Procedural Framework for Mixed Cases*

A federal employee asserting only civil service rights in an appeal from the MSPB must seek judicial review in the Federal Circuit Court of Appeals. *Perry*, 137 S.Ct. at 1979; 5 U.S.C. § 7703(b)(1). Conversely, a plaintiff bringing only a discrimination claim must seek judicial review in the appropriate district court. *Kloeckner v. Solis*, 568 U.S. 41, 46 (2012). When a plaintiff brings a mixed case, however, judicial review lies in the district court over both the civil service appeal and the discrimination claim. *Perry*, 137 S. Ct. at 1979-80. In other words, bringing a discrimination claim in conjunction with a civil service appeal confers jurisdiction upon the district court to adjudicate the civil service appeal, which otherwise would be outside the district court's purview.

### C. *Jurisdictional Issue*

Using the logic of this procedural framework, Defendant contends that the parties must litigate Plaintiff's civil service appeal and discrimination claim simultaneously in order for the district court to retain jurisdiction over the civil service appeal. (Doc. 28 at 5). Defendant's contention rests upon the proposition that, not only is the district court's acquisition of jurisdiction contingent upon Plaintiff's filing her civil service appeal and employment discrimination claim together, but also that retention of such jurisdiction is contingent upon Plaintiff's litigating those claims

5

together.  (*Id.* at 7).  Otherwise, the district court is reviewing a civil service appeal alone, and such appeals must be dealt with in the Federal Circuit.

Plaintiff disagrees.  Specifically, she argues that the jurisdictional rule for mixed cases applies only when the mixed case is filed in the district court.  If the rule is satisfied at that time, the district court has jurisdiction to review the case, and it is immaterial whether the claims in a mixed case are later severed for trial purposes.  (*Id.*)  Plaintiff asserts that "after a mixed case is filed in the District Court, severance of the claims is governed exclusively by Fed. R. Civ. P. 42(b) . . . ."  (Doc. 24 at 4).

We think Defendant is incorrect when he asserts that merely considering the civil service appeal ahead of the discrimination claim would destroy the district court's jurisdiction to review the civil service appeal.  To address that question, we look to *Afifi v. United States Dep't of Interior*, 924 F.2d 61 (4th Cir. 1991).

In *Afifi*, the plaintiff brought a civil service appeal and a colorable employment discrimination claim in district court, but the discrimination claim was quickly extinguished by an affirmative defense.  *Id.* at 62.  The district court then dismissed the civil service appeal without prejudice for lack of jurisdiction.  *Id.*  The Fourth Circuit stated the district court could have continued to exercise jurisdiction over the civil service appeal.  The court of appeals held that "where the plaintiff's discrimination claim is not brought as a jurisdictional charade but nonetheless quickly evaporates, we leave to the district court's discretion one of two alternatives

6

– (1) retain jurisdiction over the [civil service appeal], or (2) transfer the case to the Federal Circuit under 28 U.S.C. § 1631." *Id.* at 64.

In *Dedrick v. Berry*, 573 F.3d 1278, 1281 (Fed. Cir. 2009), the Federal Circuit Court of Appeals agreed in relevant part with *Afifi*. In *Dedrick*, the district court dismissed the discrimination claim and then transferred the civil service claim to the Federal Circuit, reasoning that the case was no longer a mixed case and that the civil service claim should therefore be reviewed by the Federal Circuit. 573 F.3d at 1280. The Federal Circuit stated that it lacked jurisdiction over the appeal because the case remained a mixed case, even with the dismissal of the discrimination claim. *Id.* at 1281. Nor could the Federal Circuit simply accept transfer of the civil service claim since MSPB decisions involving discrimination claims and civil service claims should remain one case not two, citing *Williams v. Department of Army*, 715 F.2d 1485, 1488 (Fed. Cir. 1983). The Federal Circuit also opined:

> We agree with the Fourth Circuit both that a district court may dismiss a mixed case with a "sham" discrimination claim and that a district court may retain jurisdiction over a mixed case with a non-frivolous discrimination claim, even if that claim "quickly evaporates."

*Dedrick,* 573 F.3d at 1281 (internal citations omitted).

The Federal Circuit did disagree with the Fourth Circuit that the district court could simply choose to transfer the case to the Federal Circuit once the discrimination claim was out of the case. The Federal Circuit thought such a transfer would be procedurally improper since the case could not have been originally filed in the Federal Circuit as a mixed case, quoting 28 U.S.C. § 1631 ("[T]he court shall . . .

7

transfer such action or appeal to any other such court in which the action or appeal *could have been brought at the time it was filed* . . . .") (emphasis added). As mentioned, the Federal Circuit does not have jurisdiction to review mixed cases. *Kloeckner*, 568 U.S. at 56.

In the instant case, there is no indication, and Defendant has not asserted, that Plaintiff's discrimination claim is a "jurisdictional charade" employed to allow Plaintiff to litigate her civil service appeal in district court. Moreover, unlike the facts in *Afifi* and *Dedrick*, Plaintiff's employment discrimination claim here will not "evaporate" if we grant severance pursuant to Rule 42(b). Rather, the claim would remain intact, but would merely be adjudicated later in the proceedings than Plaintiff's civil service appeal.

Additionally, the Federal Circuit's decision in *Dedrick* is in opposition to Defendant's argument that Rule 42(b) severance destroys our jurisdiction over Plaintiff's civil service appeal. The Federal Circuit in *Dedrick* explained that not even complete dismissal of a plaintiff's colorable discrimination claim would allow transfer of the civil service appeal to the Federal Circuit. *Dedrick*, 573 F.3d at 1281. If even complete dismissal of a plaintiff's employment discrimination claim does not divest a district court of jurisdiction over that plaintiff's civil service appeal, then, *a fortiori*, neither does deciding to litigate the discrimination claim after the civil service appeal divest it of jurisdiction. For this reason, we find that bifurcating Count I and Count II of Plaintiff's complaint for trial purposes pursuant to Federal Rule of Civil Procedure 42(b) does not deprive this Court of jurisdiction over Plaintiff's civil service appeal. Accordingly, we hold that once a plaintiff files a mixed case in district court, the

8

district court retains jurisdiction over the civil service appeal even if the court decides to bifurcate the civil service appeal and the colorable discrimination claim pursuant to Rule 42(b).

We acknowledge that Defendant cites *Williams,* 715 F.2d at 1492 (Nichols, J., concurring), for the proposition that a "'mixed case' is to be treated as one case, not two." (Doc. 28 at 7). However, severance pursuant to Rule 42(b) does not create two separate cases. *See Graudins v. Retro Fitness, LLC*, 921 F. Supp. 2d 456, 468 (E.D. Pa. 2013). Rather, Rule 42(b) "bifurcates issues or claims within a single case for separate trials." *Id.* Therefore, the nature of Rule 42(b) severance does not transform claims into different "cases."

Second, *Williams* is distinguishable. *Williams* contemplated whether it was proper to litigate a colorable discrimination claim in district court while simultaneously litigating in the Federal Circuit a colorable civil service appeal arising from the same circumstances for the same employee. *Williams*, 715 F.2d at 1486, 1491. *Williams* held that it was not proper to litigate a civil service appeal before the Federal Circuit when an attendant discrimination claim is pending in district court. *Id.* ("[W]here jurisdiction lies in the district court under 5 U.S.C. § 7703(b)(2), the entire action falls within the jurisdiction of that court and [the Federal Circuit] has no jurisdiction, under 5 U.S.C. § 7703(b)(1), over such cases."). Both claims had to go to the district court. *Id.* at 1491.

D. *Merits of Severance*

While jurisdictional constraints do not bear on whether Rule 42(b) severance is permissible, we must still consider whether such severance is proper. As noted, Rule 42(b) provides as follows:

> Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

A district court has broad power to sever and stay proceedings. *Cooper v. Metlife Auto & Home*, No. 13-CV-687, 2013 WL 4010998, at *2 (W.D. Pa. Aug. 6, 2013). In addition to the factors set forth in Rule 42(b), the court should consider: "(1) whether the issues are significantly different from each other; (2) whether they require separate witnesses and documents; (3) whether the nonmoving party would be prejudiced by bifurcation; and (4) whether the [moving] party would be prejudiced if bifurcation is not granted. *Griffith v. Allstate Ins. Co.*, 90 F. Supp. 3d 344, 346 (M.D. Pa. 2014). The moving party bears the burden of demonstrating that bifurcation is appropriate. *Id.*

In moving for severance, Plaintiff contends that adjudicating her civil service appeal first would expedite the case, serve judicial economy and would otherwise be convenient. She points out that Count I will be decided solely on the administrative record so Plaintiff's inability to participate in discovery will have no bearing on the review of that Count. In the meantime, Plaintiff may recover enough to participate in discovery so that Count II may then be adjudicated. Additionally, if the court denies severance Plaintiff will be prejudiced because both counts may be

10

dismissed, denying Plaintiff her day in court. Further, if both counts are stayed while Plaintiff improves enough to engage in discovery, that would not be as efficient as deciding Count I. Plaintiff further suggests that, depending on how Count I is resolved, it could facilitate a settlement.

In opposition, Defendant argues that bifurcation would not serve the interests of convenience or judicial economy. Both counts arise from the same set of facts so deciding Count I while staying the discrimination claim would only burden the court "by requiring dual adjudication of two issues arising out of the same set of facts." (Doc. 28, p. 10). Defendant suggests that the court may have to duplicate its efforts in issuing two separate summary judgment opinions. Defendant also argues that bifurcation would similarly prejudice him by requiring him to defend against two separate issues. He also argues there will be increasing unavailability of witnesses and other evidence on Count II while that count is stayed.

We address the parties' arguments in light of the four factors specified above. Turning to the first factor, we find that, although Count I and Count II of Plaintiff's complaint arise from the same set of facts, the issues presented by each are significantly different. Adjudication of Count I will involve an analysis of Plaintiff's rights under the civil service law. Adjudication of Count II will involve an analysis of whether Defendant made a reasonable accommodation for her disability. The application of the law to the facts yields significantly different legal issues that must ultimately be resolved, resulting in a preference for severance. *See Legends Mgmt. Co. v. Affiliated FM Ins.*, No. 16-CV-1608, 2017 WL 4284491, at *3 (D. N.J. Sept. 26, 2017)(deciding to sever a bad-faith insurance claim from a claim for breach of the

11

policy, stating that "[v]iewing these claims as separate and distinct actions 'promotes judicial efficiency and economy' and as a result, the Court finds that the first factor weighs in favor of severance.").

The second factor does not favor severance. Plaintiff's civil service appeal must be resolved solely upon the record as developed at the agency level. 5 U.S.C. § 7703(c); *see also Makky v. Chertoff*, 541 F.3d 205, 211 (3d Cir. 2008). Consequently, there does not appear to be any need for different witnesses or documentary proof that would justify severance.

Third, we must consider whether Defendant will be prejudiced by bifurcation. Defendant contends that bifurcation will be prejudicial to him because it will force him to "defend against two separate issues" and because he will be adversely affected by the "increasing unavailability of witnesses and other evidence." (Doc. 28 at 10-11).

Defendant's first argument is unavailing because he will necessarily be required to defend against "two separate issues," regardless of when those issues are litigated. Plaintiff's civil service appeal and her disability discrimination claim are governed by different standards, proved using different evidence, and resolved independent of the other's merits. *See generally Sher v. U.S. Dept. of Veterans Affairs*, 488 F.3d 489, 498-99, 506-07 (1st Cir. 2013). As discussed, although each count revolves around the same set of facts, the procedures and substantive law governing the resolution of each are markedly different. Therefore, Defendant would be required to defend against each count on separate legal grounds, irrespective of

whether the issues were litigated simultaneously or consecutively. We consider Defendant's second argument too abstract to be persuasive.

Fourth, we must consider the prejudice to Plaintiff if we were to deny severance. Plaintiff suggests that she would be prejudiced by a denial of severance because, "[a]ssuming that the Court denies a severance and dismisses both Counts I and II, Plaintiff will be denied her day in court." (Doc. 24 at 6). We reject this argument as being speculative.

Further, the same reasoning which indicates there is no prejudice to Defendant suggests there would be no prejudice to Plaintiff if we deny severance. Again, the administrative record that must be considered exclusively in resolving Plaintiff's civil service appeal is set. *Makky*, 541 F.3d at 211. As a result, the amount of time that passes before the eventual start of litigation in no way bears on Plaintiff's likelihood of prevailing on that count. Moreover, Plaintiff's medical readiness to engage in discovery on her discrimination claim is currently the only impediment to pursuing litigation on that count. Consequently, litigation of Count II would be postponed to the same extent whether we grant or deny severance.

However, that Count I will be decided solely on the administrative record means that it would be more expeditious and convenient to litigate Plaintiff's civil service appeal first and this factor favors severance.

*IV. Conclusion*

Having considered all the factors, we will grant Plaintiff's motion to sever Count I and decide it before ruling on Count II. An appropriate order will issue.

>  /s/William W. Caldwell
>  William W. Caldwell
>  United States District Judge

Date: November 14, 2017