# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LISA M. DAVENPORT,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 1:16-0494** |
| : | |
| v. : | |
| : | **(JUDGE MANNION)** |
| **RICHARD SPENCER, SECRETARY** | |
| **of the DEPT. of the NAVY,** : | |
| : | |
| **Defendant** : | |

## M E M O R A N D U M

## I. BACKGROUND

On May 8, 2019, the court issued a Memorandum, (Doc. 42), in which it found that the Merit Systems Protection Board's ("MSPB") Final Decision removing plaintiff Lisa M. Davenport from her position as Supervisory Security Specialist at the Navy Depot in Mechanicsburg, Pennsylvania, was not arbitrary or capricious, was not unsupported by the evidence, and did not violate any procedures required by law. The court then issued an Order, (Doc. 43), affirming the MSPB's Final Decision and, granting the defendant Secretary of the Department of the Navy judgment with respect to Count I of plaintiff's amended complaint, (Doc. 11).[1] In particular, plaintiff's Count I was an appeal from the February 19, 2015 Final Decision of the MSPB affirming the decision of the Administrative Judge ("AJ") finding that the Navy properly

---

[1]Since the court stated the procedural and factual backgrounds of this case in its May 8, 2019 Memorandum, they will not be repeated.

removed her from her position for physical inability to perform her job and denied her affirmative defense of failure to accommodate.

Presently pending before the court is plaintiff's June 4, 2019 motion for reconsideration, pursuant to Fed.R.Civ.P. 59(e), of the court's May 8, 2019 Order. (Doc. 49). The motion has been fully briefed. After reviewing the filings, as well as the record, the court will **DENY** plaintiff's motion for reconsideration.

## II. LEGAL STANDARD

Rule 59(e) provides the procedural mechanism for altering or amending a judgment that has been entered. It may be used to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Schumann v. Astrazeneca Pharmaceuticals, L.P., 769 F.3d 837, 848 (3d Cir. 2014) (citing Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010); Max's Seafood Café, 176 F.3d at 677 (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.

1995)). However, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Reconsideration is generally appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning, but of apprehension." York Int'l Corp. v. Liberty Mut. Ins. Co., 140 F. Supp. 3d 357, 360–61 (3d Cir. 2015) (quoting Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995)). It may not be used as a means to reargue unsuccessful theories that were presented to the court in the context of the matter previously decided "or as an attempt to relitigate a point of disagreement between the [c]ourt and the litigant." Id. at 361 (quoting Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)). Thus, "a motion for reconsideration may not be used to give a litigant a 'second bite at the apple,' and therefore should not be 'grounded on a request that a court rethink a decision already made.'" Jarzyna v. Home Properties, L.P., 185 F.Supp.3d 612, 622 (E.D.Pa. 2016) (internal citations omitted). As such, "a motion for reconsideration may address 'only factual and legal matters that the Court may have overlooked' and may not 'ask the Court to rethink what it had already thought through—rightly or wrongly.'" Id. (citations omitted). Further, "[m]ere 'disagreement with the Court's decision' does not suffice." Rich v. State, 294 F.Supp.3d 266, 273 (D.N.J. 2018) (citation

3

omitted).

**III. DISCUSSION**

Plaintiff argues that a clear error of law was committed by both the MSPB and this court since a potential remedy under the Rehabilitation Act of 1973, 29 U.S.C. §794(a)(1), that was not considered "is holding Navy Region Mid-Atlantic/NSA responsible for continuing [her] reasonable accommodation of situational teleworking under the theory of 'successor liability.'" To the extent plaintiff now raises a new claim regarding successor liability under the RA for the first time in her motion for reconsideration, the court will not consider it since she did not raise it during the administrative process, during her appeal to the MSPB, and in her prior briefs filed with this court.[2] Nor was there any reason why plaintiff could not have raised this issue in any of the prior proceedings. Significantly, this case was not at the pleadings stage when the court entered judgment in favor of defendant on Count I of plaintiff's amended complaint. Rather, this March of 2016 case was at the summary judgment stage with respect to Count I and both parties had submitted evidence. Further, it does not appear that any discovery was conducted on the successor liability issue since it was not previously raised by plaintiff. Additionally, as the court previously stated, plaintiff's civil service appeal in Count I challenging her removal from the Navy and seeking reinstatement

---

[2]*See* AR 337-343, 348-354, 358. *See also* Doc. 34.

must be decided by the court solely upon the administrative record as developed at the agency level. 5 U.S.C. §7703(c); *see also* Makky v. Chertoff, 541 F.3d 205, 211 (3d Cir. 2008); Vanyan v. Hagel, 9 F.Supp.3d 629, 642 (E.D.Va. 2014) ("a district court's review of any discrimination claims presented before the MSPB is limited to the administrative record and is thus subject to a more deferential standard established by statute.").

"Motions for reconsideration may not be used 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided'", and "a motion for reconsideration [may not] be used to revisit or raise new issues with the benefit of 'the hindsight provided by the court's analysis.'" Romero v. Allstate Ins. Co., 1 F.Supp.3d 319, 420 (E.D.Pa. 2014) (citations omitted). *See also* York Internat'l Corp. v. Liberty Mutual Ins. Co., 140 F.Supp. 3d 357, 361 (M.D.Pa. 2015) ("reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment.") (citations omitted); Rich v. State, 294 F.Supp.3d 266, 271 (D.N.J. 2018) ("A motion for reconsideration 'may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment.'") (citation omitted); Rocco v. Gordon Food Service, 609 Fed.Appx. 96, 98 (3d Cir. 2015) ("Rule 59 motions, ..., do not present an opportunity to raise new arguments that could or should have been presented to the district court prior to judgment."). Although "issues which have not been properly raised before the District Court will only be considered on appeal [by the Third Circuit] under exceptional

circumstances", see Rocco, 609 Fed.Appx. at 98 (citing Altman v. Altman, 653 F.2d 755, 758 (3d Cir. 1981)), this case is not an appeal to the Third Circuit. Regardless, the court does not find any exceptional circumstances in this case.[3] *See id.* In fact, plaintiff offers no explanation as to why she could not have asserted the issue of successor liability before the ALJ and the MSPB. Nor does plaintiff claim that she was not previously aware of this issue.

As such, the court refuses to consider plaintiff's new argument and plaintiff is deemed as waiving any argument regarding the issue of successor liability with respect to her claim under the RA.[4]

Insofar as plaintiff argues that some of the facts in the court's May 8, 2019 Memorandum were incorrect, these facts were minor and clearly not significant to the court's finding that there was substantial evidence in the

---

[3]"Exceptional circumstances have been recognized [to raise an issue on appeal that was not raised in the district court] when the public interest requires that the issue be heard or when manifest injustice would result from the failure to consider the new issue." Altman, 653 F.2d at 758.

[4]Although successor liability applies in the employment discrimination context under Title VII and the ADA, *see* Brzozowski v. Corr. Physician Services, Inc., 360 F.3d 173 (3d Cir. 2004); Rego v. ARC Water Treatment Co. of Pennsylvania, 181 F.3d 396, 401 (3d Cir.1999) (in employment discrimination cases, an aggrieved employee may enforce a claim or judgment against a successor employer that would have been valid against the predecessor employer where the assets of the predecessor were transferred to the successor), the court has not found any Third Circuit cases supporting plaintiff's new argument regarding successor liability with respect to her claim under the RA. Regardless, this issue is not properly before the court as stated above.

6

record to support the MSPB's Final Decision. Specifically, none of these facts alter in any respect the court's finding that the decisions of the MSPB that plaintiff was properly removed from her position with the Navy and that plaintiff did not establish her defense of failure to accommodate were not arbitrary or capricious, were not obtained without compliance with lawful procedures, and were based on substantial evidence. A court can only overturn the MSPB's decision if it is: (1) arbitrary, capricious or an abuse of discretion; (2) unsupported by substantial evidence or otherwise not in accordance with law; or (3) obtained without compliance with lawful procedures. *See* 5 U.S.C. §7703(c); Vanyan v. Hagel, 9 F.Supp.3d at 642; Barnes v. Small, 840 F.2d 972, 979 (D.C.Cir. 1988). The burden is on the plaintiff to demonstrate errors in the MSPB's decision. Hawkins v. Soc. Sec. Admin., 368 Fed.Appx. 136, 139 (Fed. Cir. 2010). Plaintiff has failed to show errors in the MSPB's Final Decision.

Plaintiff points out that she was promoted to the position of Supervisory Security Specialist at Naval Supply Systems Command Weapons System Support ("NAVSUP WSS") and not at the Naval Support Activity, Commander Navy Region Mid-Atlantic ("CNRMA") as the court stated in its Memorandum.[5]

---

[5]The court notes that about one year after plaintiff was promoted to Supervisory Security Specialist at NAVSUP WSS, supervision of the Security Office was transferred from WSS to Naval Support Activity (NSA). At the time of plaintiff's removal, her position was Supervisory Security Specialist at Naval Support Activity (NSA), Mechanicsburg, Pennsylvania. (AR 320, 334). It is also noted that Naval Support Activity (NSA) is a sub-component of Navy Region Mid-Atlantic. (AR 335).

This does not constitute a manifest error of fact as the court then correctly stated, "[f]ollowing the functional realignment of security from NAVSUP WSS to CNRMA, plaintiff was not eligible for situational telework since the equivalent Security Supervisor positions across the other fifteen CNRMA installations were ineligible for telework ...." The court also correctly detailed plaintiff's duties and responsibilities as Supervisory Security Specialist. The court also found that substantial evidence supported the MSPB's decision that neither permanent, full-time telework nor situational telework was a reasonable accommodation for plaintiff. Thus, as the defendant explains (Doc. 51 at 9), "[plaintiff's] argument that the reorganization of her workplace was the direct cause of her ineligibility for telework is completely meritless, because [plaintiff] would not have been eligible for situational telework as Security Specialist at NSA, CNRMA at Mechanicsburg."

Next, plaintiff argues that although the court was aware that she had been approved for situational telework by Zinsky, her former supervisor at WSS, in her Security Specialist position while she was employed by WSS, it is not clear if the court was aware that she was also approved for situational telework by Zinsky while still employed by WSS after she was promoted to Security Director. After Zinsky approved plaintiff's situational telework request, she was functionally realigned to CNRMA. Regardless, as defendant explains, (Doc. 51 at 9), these facts are not material to either the MSPB's Final Decision or to this court's May 8, 2019 decision because:

[Plaintiff was removed from her position based upon the charge

of "Inability to Perform as a Result of a Medical Condition" since March of 2013, well after [plaintiff] had transferred to CNRMA from WSS. Whether Zinsky approved [plaintiff's] situational telework arrangement is irrelevant to the issue of whether, at the time she was removed, she was able to perform the essential functions of her job. Finally, [plaintiff] continues to ignore the fact that her own doctor found that she was not able to work in any capacity.

In fact, this court previously stated, "[o]n April 30, 2013, Dr. Garabedian sent the Navy an FMLA medical certification stating that plaintiff was not 'able to perform work of any kind.'" Again plaintiff fails to explain how she was able to perform the essential factions of her job at the time she was removed despite her own doctor's finding that she was not "able to perform work of any kind."

Further, this court quoted Hargraves' April 5, 2013 letter denying plaintiff's request for reconsideration for situational telework and stating the following pertinent essential functions of her Supervisory Security Specialist position,

> forty hours of work per week; the ability to put eyes on security incidents [on site] and provide directions [to] staff; direct and supervise the security force; monitor day-to-day security operations; respond to incidents that require higher authority guidance; the ability to keep command staff informed; participation in face-to-face meetings at a moment's notice to represent command interests from both security and tenant commands; frequent face-to-face meetings with senior military and high ranking civilian officials, as well as security briefs, conferences, meetings and working groups, and some of the meetings require a secure location which may only be accomplished at the duty station.

Additionally, the court pointed out that Hargraves indicated that plaintiff's prior telework agreement was executed with NAVSUP WSS and not

9

CNRMA, and that CNRMA had appropriately denied her request based on Region Telework Policy, and based on the facts that no other Region Security Specialist position was eligible for situational telework, and that plaintiff's position was re-coded to be consistent with other CNRMA positions and the Region Telework Policy.

Further, even though plaintiff had been previously approved for situational telework by Zinsky, substantial evidence supported the MSPB's finding that plaintiff was not eligible for situational telework at the time of her removal from her position since she could not perform the essential functions of her job. The relevant time for determining whether plaintiff's medical conditions prevented her from performing the core duties of her Supervisory Security Specialist position was the time of the adverse employment decision, i.e., her removal. *See* Rocco, 609 Fed.Appx. at 98 ("The relevant time for determining whether the plaintiff is a 'qualified individual with a disability' is the time of the adverse employment decision."). Likewise, substantial evidence supported the MSPB's finding that plaintiff's job description required her to be physically present at her work site at the time of her removal. As the court previously explained, plaintiff's presence at her work site was the only way she could perform many of the essential functions of her job. Nothing in plaintiff's present motion alters this undisputed fact.

In short, there is no error in either law or fact in the court's decision that substantial evidence supported the MSPB's finding that plaintiff was not a "qualified individual with a disability" because she was unable to perform the

essential functions of her position with or without a reasonable accommodation from the Navy, and that there was not an accommodation available that would have allowed her to continue her job with the Navy.

## IV. CONCLUSION

Based on the foregoing, the plaintiff's motion for reconsideration, pursuant to Fed.R.Civ.P. 59(e), of the court's May 8, 2019 Order, (Doc. 49), will be **DENIED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: July 11, 2019**
16-0494-03.wpd