**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LISA M. DAVENPORT,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 1:16-0494** |
| : | |
| **v.** : | |
| : | **(JUDGE MANNION)** |
| **RICHARD SPENCER, SECRETARY** | |
| **of the DEPT. of the NAVY,** : | |
| : | |
| **Defendant** : | |

## **MEMORANDUM**

Pending before the court is a motion for leave of court to file a second amended complaint, (Doc. 57), filed by the plaintiff Lisa M. Davenport. For the reasons stated below, the court will **GRANT IN PART** and, **DENY IN PART** the plaintiff's motion.

## **I. BACKGROUND**

On May 8, 2019, the court issued a Memorandum, (Doc. 42), in which it found that the Merit Systems Protection Board's ("MSPB") Final Decision removing plaintiff Davenport from her position as Supervisory Security Specialist at the Navy Depot in Mechanicsburg, Pennsylvania, was not arbitrary or capricious, was not unsupported by the evidence, and did not violate any procedures required by law. The court then issued an Order, (Doc. 43), affirming the MSPB's Final Decision and, granting the defendant Secretary of the Department of the Navy judgment with respect to Count I of

plaintiff's amended complaint, (Doc. 11).[1] In particular, plaintiff's Count I was an appeal from the February 19, 2015 Final Decision of the MSPB affirming the decision of the Administrative Judge ("AJ") finding that the Navy properly removed her from her position for physical inability to perform her job and denied her affirmative defense of failure to accommodate.

On June 4, 2019, plaintiff filed a motion for reconsideration, pursuant to Fed.R.Civ.P. 59(e), of the court's May 8, 2019 Order. (Doc. 49). On July 11, 2019, the court denied plaintiff's motion for reconsideration. (Docs. 53 & 54).

The deadline to file amended pleadings was September 27, 2019. (Doc. 48).

On September 27, 2019, before the deadline for amended pleadings had expired, defendant filed his answer to plaintiff's Doc. 11 amended complaint. (Doc. 56).

Also, on September 27, 2019, plaintiff filed her motion for leave of court to file a second amended complaint ("SAC"), (Doc. 57), with an attached proposed SAC, (Doc. 57-1). Plaintiff also styles her motion as an "Amended Appeal From the Final Decision of the [MSPB]." Defendant did not concur in plaintiff's motion.

## II. LEGAL STANDARD

The plaintiff filed her motion for leave to file a SAC pursuant to Fed. R.

---

[1]Since the court stated the procedural and factual backgrounds of this case in its May 8, 2019 Memorandum, they will not be repeated.

Civ. P. 15(a)(2), since the time for amending the complaint as a matter of course had expired. See Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) states: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Third Circuit has adopted a liberal approach to the amendment of pleadings in order to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 486–87 (3d Cir. 1990). Amendment, however, is not automatic. See Dover Steel Co., Inc. v. Hartford Accident and Indent., 151 F.R.D. 570, 574 (E.D. Pa. 1993). It is within the sound discretion of the district court to grant or deny leave to amend. Foman v. Davis, 371 U.S. 178, 182 (1962). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman, 371 U.S. at 182; see also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000).

Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997) ("In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." Harrison Beverage Co. v. Dribeck Importers, Inc., 133

F.R.D. 463, 468 (D.N.J.1990).

## III. DISCUSSION

In the instant case, the plaintiff seeks to file a SAC which includes Count I despite the fact that the court has already entered judgment in favor of the defendant on this Count. Plaintiff explains that she is including Count I in her proposed SAC solely to inform the court and defendant that she is not abandoning her appeal from the MSPB in the event that either party may decide to file an appeal to the Third Circuit.

The court will not allow plaintiff to include Count I regarding her appeal of the MSPB's Final Decision in her SAC since it is futile to do so as judgment was already entered in favor of the defendant on this Count, since it is completely unnecessary to preserve an appeal of this court's May 8, 2019 Order, and since it is confusing and unduly burdensome to require defendant to answer a Count on which he has already prevailed. See Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (court can deny a motion to amend where there is "undue delay, bad faith ... repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."); White v. Smiths Detection, Inc., 2013 WL 1845072 (D.N.J. April 30, 2013) (court denied motion for leave to amend the complaint insofar as it included claims that the court had previously dismissed with prejudice and had denied plaintiff's motion for reconsideration regarding the dismissed claims).

Thus, the court will allow plaintiff to file a SAC that includes only her disability discrimination claim under the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. §794, and her Title VII gender discrimination claim, i.e., Count II of her Doc. 11 amended complaint.[2]

## III. CONCLUSION

For the foregoing reasons, the plaintiff's motion for leave of court to file a second amended complaint, (Doc. 57), will be **GRANTED IN PART** and, **DENIED IN PART**. The motion will be **GRANTED** only to the extent that plaintiff will be allowed to file a SAC that includes her disability discrimination claim under the RA and her Title VII gender discrimination claim. The motion will be **DENIED** to the extent that plaintiff seeks to include her claim appealing the MSPB's Final Decision. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: November 4, 2019**
16-0494-04.wpd

---

[2]Specifically, in Count II, plaintiff raised a gender discrimination claim regarding her termination in addition to her RA claim. (Doc. 11 at ¶83). She alleged that the Navy discriminated against her due to her gender in violation of Title VII when she was removed from her position of Supervisory Security Specialist and replaced with an unqualified man.