**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA M. DAVENPORT, | : | Civil No. 1:16-CV-00494 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CARLOS DEL TORO,[1] | : | |
| Secretary, Department of the Navy | : | |
| | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is the report and recommendation of United States Magistrate Judge William I. Arbuckle recommending that Defendant's motion for summary judgment be granted as to Plaintiff's disability discrimination claim and gender discrimination claim and denied as to Plaintiff's failure-to-accommodate claim. (Doc. 105.)  For the reasons that follow, the court declines to adopt the recommendation to deny Defendant's motion for summary judgment on Plaintiff's failure-to-accommodate claim, but adopts the remaining portions of the recommendation.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Neither party objected to the facts or procedural history stated in the report and recommendation.  Because the court gives "reasoned consideration" to these

---

[1] On August 9, 2021, Carlos Del Toro became the Secretary of the Department of Navy, and, pursuant to Fed. R. Civ. P. 25(d), is automatically substituted as the proper defendant.

uncontested portions of the report and recommendation, the court will only restate the factual background and procedural history necessary for clarity in this opinion. *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

Plaintiff Lisa Davenport ("Davenport") initiated this action against Defendant Secretary of the Navy after being removed from her position as Supervisory Security Specialist at the Navy Depot in Mechanicsburg, Pennsylvania. (Doc. 1.) The operative pleading in this case is the Second Amended Complaint, alleging disability discrimination under the Rehabilitation Act based on Davenport's termination, a failure-to-accommodate claim under the Rehabilitation Act based on Defendant's failure to permit Davenport to telework as a reasonable accommodation, and a gender discrimination claim under Title VII of the Civil Rights Act of 1964. (Doc. 63)

The court previously dismissed Count I of Davenport's First Amended Complaint (Doc. 11), which was an appeal of the final decision of the Merit Systems Protection Board ("MSPB") affirming the Administrative Judge's decision that Defendant properly removed Davenport due to her physical inability to perform her job and denying her affirmative defense of failure to accommodate. (Docs. 42, 43.) The First Amended Complaint also contained claims of failure to accommodate, as well as disability and gender discrimination, presenting a "mixed

case" of civil service and federal discrimination claims.  *See* 5 U.S.C. § 7703.  The court severed the MSPB appeal (Count I) and discrimination claims (Count II).  (Docs. 30, 31.)  The court then ruled on Count I, affirming the decision of the MSPB.  (Doc. 42.)  Davenport's discrimination and failure-to-accommodate claims continued.  (Docs. 31; 42, p. 15 n.8.)[2]

Davenport filed a motion for partial summary judgment on her failure-to-accommodate claim.  (Doc. 95.)  Judge Arbuckle issued a report and recommendation and recommended that Davenport's motion for partial summary judgment be denied.  (Doc. 105.)  This court adopted that recommendation over Davenport's objection.  (Doc. 119.)  Defendant also filed a motion for summary judgment.  (Doc. 92.)  Judge Arbuckle issued the instant report and recommendation, opining that summary judgment should be granted on Davenport's disability and gender discrimination claims[3] and denied on Davenport's failure-to-accommodate claim.  (Doc. 106.)

---

[2] For ease of reference, the court utilizes the page numbers in the CM/ECF header.

[3] Curiously, Davenport withdrew the gender discrimination claim in her brief in opposition to Defendant's motion for summary judgment, but stated that if the case survived summary judgment, she wishes to present evidence on this claim.  (Doc. 96, pp. 20–21.)  In his report and recommendation, Judge Arbuckle notes the apparent withdrawal of the claim, but also opines that the record establishes that Davenport did not exhaust her administrative remedies on this claim and he therefore recommends granting summary judgment to Defendant.  (Doc. 106, p. 37.)

Davenport has objected to the recommendation that summary judgment be granted on her disability discrimination claim.  (Doc. 109.)  Conversely, Defendant has objected to the recommendation that summary judgment be denied on Davenport's failure-to-accommodate claim.  (Doc. 115.)  Both parties timely filed briefs in opposition and reply briefs.  (Docs. 112, 114, 117, 118.)

## STANDARDS OF REVIEW

### A. Review of Magistrate Judge's Report and Recommendation

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part.  28 U.S.C. § 636(b)(1).  The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions.  *Id.*  "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper."  *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).  For the uncontested portions of the report and recommendation, the court affords "reasoned consideration" before

4

adopting it as the decision of this court. *City of Long Branch*, 866 F.3d at 100

(quoting *Henderson*, 812 F.2d at 878).

### B. Summary Judgment

A court may grant a motion for summary judgment when "there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a).  A dispute of fact is material if resolution of

the dispute "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is

not precluded by "[f]actual disputes that are irrelevant or unnecessary." *Id.*  "A

dispute is genuine if a reasonable trier-of-fact could find in favor of the

nonmovant' and 'material if it could affect the outcome of the case." *Thomas v.

Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh

Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts

in the light most favorable to the non-moving party and draw all reasonable

inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288

(3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher

Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)).  The court may not "weigh the evidence"

or "determine the truth of the matter." *Anderson*, 477 U.S. at 249.  Instead, the

court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The non-moving party must then oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the

non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co.,*

*Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

DISCUSSION

### A. The Uncontested Portions of the Report and Recommendation are Adopted.

The parties do not object to the following recommendation by Judge

Arbuckle.  Judge Arbuckle recommends that summary judgment be granted on

Davenport's gender discrimination claim, based in part on the purported

withdrawal of the claim and based in part on Davenport's failure to exhaust her

administrative remedies on this claim.  (Doc. 106, p. 37.)  After giving "reasoned

consideration" to the uncontested portions of the report and recommendation, the

court finds that Judge Arbuckle's analysis is well-reasoned and fully supported by

the record and applicable law.  *See City of Long Branch*, 866 F.3d at 99 (quoting

*Henderson*, 812 F.2d at 878).  Thus, the court will adopt these portions of the

report and recommendation in full.

### B. The Court Adopts the Recommendation Granting the Motion for Summary Judgment on Davenport's Disability Discrimination Claim

In its motion for summary judgment, Defendant argues that Davenport

cannot establish a prima facie disability discrimination claim because the record

clearly demonstrates that she cannot prove she was able to perform the essential

functions of the Supervisory Security Specialist position with or without a

reasonable accommodation.  (Doc. 92, p. 13.)  Davenport offered no specific

arguments in response.

> In the report and recommendation, Judge Arbuckle opined:
>
> Based on the doctor's letters in the several months leading up to
> Plaintiff's termination, as well as her deposition testimony that she was
> "not able to do anything" in regard to returning to work at the time of
> her removal, a reasonable jury could not conclude that she was able to
> perform the essential functions of her position in September 2013, with
> or without reasonable accommodation.  I recommend that Defendant's
> Motion for Summary Judgment be granted as to Plaintiff's claim of
> discrimination in her September 27, 2013 removal.

(Doc. 106, p. 20.)

Davenport objects to this conclusion, arguing that while the general rule

would require the court to look at whether she was a qualified individual with a

disability on the date of her removal, there is an exception where the termination

resulted from the employer's failure to make a reasonable accommodation of the

employee's medical condition and that failure to accommodate was part of a

hostile work environment.  (Doc. 109-1, p. 2.)  Defendant responds by arguing

that: (1) Davenport has not brought a hostile work environment claim and cannot

raise it for the first time in an objection to a report and recommendation; (2)

Davenport has not exhausted her administrative remedies on a hostile work

environment claim; and (3) such a claim would fail on the merits.  (Doc. 112, p. 5.)

It is well established that "[t]he determination of whether an individual with

a disability is qualified is made at the time of the employment decision."  *Gaul v.*

*Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998).  While there is an exception to this rule for a hostile work environment claim, Davenport has neither brought a hostile work environment claim, nor has she established a prima facie case of a hostile work environment.   To establish a hostile work environment claim under the Rehabilitation Act, a plaintiff must show that "(1) [the employee] suffered intentional discrimination because of his disability, (2) the discrimination was severe or pervasive, (3) the discrimination detrimentally affected him, (4) the discrimination would detrimentally affect a reasonable person in like circumstances, and (5) the existence of respondeat superior liability." *Kendrell v. Sec'y United States DOD*, 851 Fed. App'x 317, 321 (3d Cir. 2021).  Nowhere in the record has Davenport even alleged these elements.

Moreover, the court notes that the report and recommendation process does not entitle Davenport to a second bite of the apple when she failed to raise and develop arguments before the Magistrate Judge. *Dowell v. Bayview Loan Servs. LLC*, No. 16-cv-2026, 2017 WL 4230924, at *2 n.1 (M.D. Pa. Sept. 25, 2017) (declining to address arguments not raised before the magistrate judge). Nonetheless, following de novo review, the court agrees with Judge Arbuckle's conclusion, and adopts this portion of the report and recommendation over Davenport's objection.

**C. The Court Declines to Adopt the Recommendation Denying the Motion for Summary Judgment on Davenport's Failure-To-Accommodate Claim**

In its motion for summary judgment, Defendant argues that Davenport cannot establish a prima facie failure-to-accommodate claim because the record clearly demonstrates that she cannot prove she was a qualified individual with a disability. (Doc. 92, p. 15–17.) Additionally, Defendant argues that Davenport cannot establish that her telework request was a reasonable accommodation. (*Id.*, at 17–19.) Most of Davenport's arguments in response center on the reasonableness of her telework request as an accommodation. (Doc. 96, pp. 7–17.) Davenport does, however, put forth an argument that Defendant's failure to accommodate her was a continuing violation from January of 2013 through September 27, 2013 and continuing even now. (*Id.*, at 17.) In the report and recommendation, Judge Arbuckle opined:

> The "employment decision" for a reasonable accommodations claim is the refusal to make an accommodation. *See Taylor* [*v. Phoenixville Sch. Dist.*], 184 F.3d [296] at 306 [(3d Cir. 1999)]; *see also Mercer v. Se. Penn. Transit Auth.*, 26 F. Supp. 3d 432, 442 (E.D. Pa. 2014) ("An employer's denial of a request for a reasonable accommodation is a discrete act of discrimination that is an independently actionable unlawful employment practice . . . ."), *aff'd sub nom. Mercer v. SEPTA*, 608 F. App'x 60 (3d Cir. 2015).
>
> Therefore, for purposes of Plaintiff's failure-to-accommodate claim, whether she was a qualified individual is based on her ability at the time of Defendant's denials of her accommodation request in January and February of 2013. *See Gaul*, 134 F.3d at 580. This analysis accordingly differs from the analysis in the prior claim, which considered whether

Plaintiff was a qualified individual at the time of her removal in September 2013.

(Doc. 106, p. 21.)[4]

Defendant objects to the conclusion that Davenport's request for reasonable accommodation was denied in January and February 2013. (Doc. 116, p. 5.) Defendant argues that based on the record and the undisputed material facts, Davenport's request for accommodation was denied on April 5, 2013. (*Id.*, at 5–11.) Specifically, Defendant notes that the telework request was disapproved in January and February but was not initially denied until March 1, 2013, at which time Defendant notified Davenport that she could request reconsideration of this initial denial. (*Id.*, at 7–8.) Davenport did appeal the denial of her accommodation request, and that appeal was denied on April 5, 2013. (*Id.*, at 8–9.) As such, Defendant argues that the court's analysis should be based on the final denial on April 5, 2013 rather than January or February, 2013, and Davenport was unable to work with or without accommodations after March 1, 2013. (*Id.*, at 9–10.) Davenport's argument in opposition focuses on when the request for

---

[4] Judge Arbuckle also opined that Defendant did not sufficiently disprove the reasonableness of Davenport's request to telework and that there was a genuine issue of material fact as to whether Defendant engaged in the interactive process in good faith. Because the court finds that Davenport was not a qualified individual with a disability on the date Defendant denied her request for an accommodation, and summary judgment in favor of Defendant is therefore appropriate, these additional findings by Judge Arbuckle do not require further discussion.

accommodation was initially made, not when it is was denied.  (Doc. 117, pp. 6–9.)

It is well established that the relevant date for purposes of analysis of a failure-to-accommodate claim is the date of the adverse employment action—in this case, the denial of the reasonable accommodation.  *See Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999); *see also AMTRAK v. Morgan*, 536 U.S. 101, 113 (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify.  Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'")  Furthermore, it is clear that, despite Davenport's arguments to the contrary, the denial of a request for a reasonable accommodation does not fit under the continuing violations theory; it is a one-time, actionable occurrence.  *See id.*; *Mercer*, 608 Fed. App'x at 63.  Therefore, the only determination necessary to the analysis here is what event constitutes the denial of Davenport's reasonable accommodation request.  The court finds that although Davenport's request was initially denied on March 1, 2013, there was still an administrative appeal process available to her at that time.  Thus, her request was not finally denied until April 5, 2013 after she availed herself of that administration appeal process.

It is undisputed that on March 7, 2013, Davenport's doctor submitted a letter stating that she was "experiencing severe exacerbation of her symptoms and [was] unable to perform her job description." (Doc. 93, ¶ 42.) The letter advised that Davenport needed "a leave of absence for two weeks pending re-evaluation." (*Id.*, ¶ 43.) Furthermore, it is undisputed that this same doctor submitted another letter dated March 21, 2013, advising that Davenport's "condition had greatly deteriorated over the past few months" and that she needed "a prolonged period of leave and home rest of at least 6-8 weeks away from her daily occupational stressors." (*Id.*, ¶ 46.) Thus, it is apparent that by April 5, 2013, Plaintiff was not able to perform the essential functions of her job with or without accommodation. Therefore, a reasonable jury could not conclude that Davenport was a qualified individual with a disability when her request for reasonable accommodation was ultimately denied. Accordingly, the court sustains Defendant's objection and declines to adopt this portion of the recommendation by Judge Arbuckle. Defendant's motion for summary judgment on this claim is granted, as Davenport has failed to make a showing sufficient to establish the existence of an element essential to her claim.

**CONCLUSION**

For the reasons stated herein, the court declines to adopt Judge Arbuckle's recommendation regarding Davenport's failure-to-accommodate claim, but adopts the remaining recommendations in full.  According, the court will grant Defendant's motion for summary judgment.  An appropriate order will issue.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: March 31, 2022